ESTADO LIBRE ASOCIADO DE PUERTO RICO
EN EL TRIBUNAL DE APELACIONES
PANEL V

| | | |
|---|---|---|
| ZORAIDA MÉNDEZ ROLDÁN<br><br>Apelante<br><br>v.<br><br>ESTADO LIBRE ASOCIADO DE PUERTO RICO Y OTROS<br><br>Apelado | **KLAN202500002** | *Apelación* procedente del Tribunal de Primera Instancia Sala Superior de Caguas<br><br>Civil Núm. CG2023CV03964 (802)<br><br>Sobre: Daños y Perjuicios (Caída) |

Panel integrado por su presidente, el Juez Hernández Sánchez, el Juez Bonilla Ortiz y la Jueza Mateu Meléndez.

Bonilla Ortiz, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 21 de febrero de 2025.

Comparece ante este foro la Sra. Zoraida Méndez Roldán (señora Méndez o apelante) y nos solicita que revisemos una *Sentencia Parcial* emitida por el Tribunal de Primera Instancia, Sala Superior de Caguas, notificada el 19 de septiembre de 2024. Mediante el referido dictamen, el foro primario declaró Ha Lugar la solicitud de sentencia sumaria parcial presentada por el Municipio de Gurabo (Municipio) y Optima Seguros (Optima) y, en consecuencia, desestimó las reclamaciones en su contra.

Por los fundamentos que se exponen a continuación, **CONFIRMAMOS** la *Sentencia Parcial* apelada.

### I.

El 20 de noviembre de 2023, la señora Méndez presentó una *Demanda* en contra del Estado Libre Asociado de Puerto Rico (ELA), Departamento de Obras Públicas

(DTOP), el Municipio y Optima sobre daños y perjuicios.[1] En esta, alegó que el 25 de noviembre de 2022, la señora Méndez caminaba por la acera frente al local El Resuelve en la Calle Andrés Arús Rivera cuando sufrió una caída. Explicó que, la acera donde ocurrió la caída se encontraba en mal estado, tenía un desnivel y un área pobremente reparada en donde se hallaba un pedazo de metal. Asimismo, indicó que, tras la referida caída, fue transportada por una ambulancia al Hospital Menonita de Caguas para recibir tratamiento médico. Esbozó que, en el hospital tuvo que ser operada y permaneció recluida hasta el 2 de diciembre de 2022. Manifestó que, el 30 de noviembre de 2022, la apelante notificó al Municipio la ocurrencia del incidente y los daños sufridos.

En este sentido, la apelante indicó que cumplimentó el Formulario de Reclamaciones Responsabilidad Pública de Optima, por los daños sufridos por el incidente del 25 de noviembre de 2022, para que se comenzara el proceso de investigación. No obstante, sostuvo que, el 18 de abril de 2023, Optima le informó el cierre de su reclamación alegando que el Municipio había emitido una certificación indicando que la acera de la Calle Andrés Arús Rivera era de la jurisdicción del DTOP y no del Municipio.

Así pues, esbozó que, el 8 de mayo de 2023, la apelante le solicitó a Optima copia de la certificación emitida por el Municipio. No obstante, alegó que el 11 de mayo de 2023 Optima se negó proveer la alegada certificación, señalando que la carta del 18 de abril de 2023 es la evidencia de falta de jurisdicción del

---

[1] *Demanda*, anejo I, págs. 1-12 del apéndice del recurso.

Municipio. En vista de lo anterior, sostuvo que, notificó el 11 de mayo de 2023 al ELA y el 23 de junio de 2023 al DTOP sobre su intención de reclamar por los daños sufridos como consecuencia de la caída. Ante ello, solicitó $219,000.00 por diferentes partidas de alegados daños y honorarios de abogado.

El 19 de febrero de 2024, el Municipio y Optima presentaron una *Moción de Sentencia Sumaria Parcial*.[2] En su moción, indicaron que, según la certificación que emitió el Sr. José A. Román Estrada (señor Román), director del Departamento de Obras Publicas Municipal, el lugar de los hechos no le pertenecía al Municipio, sino al DTOP. En consecuencia, sostuvieron que el Municipio no era responsable de los hechos alegados y, conforme a la jurisprudencia, el Municipio tenía inmunidad contra causas de acciones como la de epígrafe. Ante ello, solicitaron que se dictara sentencia parcial a favor del Municipio y Optima.

En respuesta, el 11 de marzo de 2024, la apelante presentó su *Moción para que se posponga la consideración de la Solicitud de Sentencia Sumaria Parcial o, en la alternativa, Solicitud de prórroga para alegar*.[3] En esta, alegó que no se podía dictar sentencia sumaria parcial, toda vez que existía controversia sobre a quién le pertenecía el lugar donde ocurrió la caída. Sostuvo que la referida certificación solo estableció que el mantenimiento era realizado por el DTOP, pero no indicó a quien le pertenecía la calle Andrés Arús Rivera.

---

[2] *Moción de Sentencia Sumaria Parcial*, anejo II, págs. 13-18 del apéndice del recurso.
[3] *Moción para que se posponga la consideración de la Solicitud de Sentencia Sumaria Parcial o, en la alternativa, Solicitud de prórroga para alegar*, anejo III, págs. 19-25 del apéndice del recurso.

Además, agregó que de la propia página del Contralor de Puerto Rico surgen contratos otorgados por el Municipio para la reparación de aceras. Enfatizó que la apelante no había tenido una adecuada oportunidad de conseguir prueba para apoyar los hechos esenciales que justifican su oposición. Por ello, solicitó al foro primario que determinara que la moción de sentencia sumaria era prematura y que permitiera a la señora Méndez realizar un descubrimiento de prueba.

Así las cosas, el 19 de septiembre de 2024, el Tribunal de Primera Instancia notificó su *Sentencia Parcial*.[4] Mediante su dictamen, concluyó que no existían controversias sobre los hechos materiales propuestos por el Municipio y Optima y el derecho les asistía. Por lo cual, después de evaluar los escritos presentados por las partes, declaró **Ha Lugar** a la *Moción de Sentencia Sumaria Parcial* promovida por el Municipio y Optima. En consecuencia, desestimó la reclamación presentada en contra de la parte apelada, con perjuicio.

Inconforme, el 1 de octubre de 2024, la señora Méndez presentó su *Moción solicitando Reconsideración de Sentencia Parcial*.[5] En esta, alegó que oportunamente solicitó permiso para llevar a cabo el descubrimiento de prueba relativo a la *Moción de Sentencia Sumaria Parcial*. Asimismo, enfatizó la necesidad de llevar a cabo un descubrimiento de prueba para poder oponerse adecuadamente a la moción, en vista de que es el Municipio quien mantenía control de todo documento

---

[4] *Sentencia Parcial*, anejo IV, págs. 26-30 del apéndice del recurso. Es preciso señalar que, el foro primario determinó que la apelante no se opuso a la solicitud de sentencia sumaria promovida por el Municipio y Optima.
[5] *Moción solicitando Reconsideración de Sentencia Parcial*, anejo V, págs. 31-54 del apéndice del recurso.

relacionado a su intervención en el mantenimiento de la Calle Andrés Arús Rivera.

De otra parte, aseveró que, a pesar de que la Calle Andrés Arús Rivera le pertenecía al ELA, las alegaciones en contra del Municipio no se centraban en dicho asunto. Manifestó que la responsabilidad que se le imputó al Municipio era sobre si este asumió la responsabilidad del mantenimiento y conservación de la acera de dicha calle, a tenor con la Ley Núm. 49 de 1 de diciembre de 1917, según enmendada, conocida como la Ley de Travesías, 9 LPRA sec. 12 *et seq.*

A su vez, esbozó que la acción presentada en contra de Optima es de naturaleza distinta y separada a la que se presentó en contra del Municipio.[6]

El 3 de diciembre de 2024, el foro primario notificó una *Orden* en la cual declaró No Ha Lugar a la *Reconsideración* presentada por la apelante.[7]

Aún inconforme, el 2 de enero de 2025, la apelante presentó el recurso que nos ocupa y formuló los siguientes señalamientos de error:

> PRIMERO: ERRO EL TRIBUNAL A QUO AL IGNORAR DE SU FAZ Y SIN EXPRESO DECRETO LA OPORTUNA SOLICITUD DE LA APELANTE PARA QUE SE LE PERMITIERA HACER DESCUBRIMIENTO DE PRUEBA PARA PODER ATENDER EL REMEDIO SUMARIO SOLICITADO POR LOS APELADOS MUNICIPIO DE GURABO Y OPTIMA SEGUROS.
>
> SEGUNDO: ERRO EL TRIBUNAL A QUO AL DESESTIMAR POR LA VÍA SUMARIA LAS RECLAMACIONES EN CONTRA DE LOS APELADOS MUNICIPIO DE GURABO Y OPTIMA SEGUROS, A PESAR DE EXISTIR HECHOS MATERIALES EN CONTROVERSIA.
>
> TERCERO: ERRO EL TRIBUNAL A QUO AL DESESTIMAR LA CAUSA DE ACCIÓN DIRECTA CONTRA LA APELADA

---

[6] Señaló que se desestimaron las reclamaciones dirigidas en contra de Optima sin ésta haber presentado la póliza de seguro a favor del Municipio o haber presentado evidencia que acreditase que su asegurado no llevó a cabo acto u omisión alguno con respecto a la acera en donde ocurrió el incidente.

[7] *Orden*, anejo VII, pág. 58 del apéndice del recurso.

OPTIMA SEGUROS Y PERMITIR QUE DICHA PARTE SE BENEFICIE IMPROPIAMENTE DE LA INMUNIDAD QUE EL ARTÍCULO 1.053 DEL CÓDIGO MUNICIPAL DE PUERTO RICO LE RECONOCE ÚNICAMENTE A LOS MUNICIPIOS.

Así las cosas, el 14 de enero de 2025 emitimos una *Resolución* concediendo a la parte apelada el término dispuesto en el Reglamento de este Tribunal, 4 LPRA Ap. XXII-B, para presentar su alegato. El 3 de febrero de 2025, Optima y el Municipio presentaron su *Alegato en Oposición*.

Con el beneficio de la comparecencia de ambas partes, procedemos a disponer del recurso.

**II.**

**-A-**

En nuestro ordenamiento, el mecanismo de sentencia sumaria procura, ante todo, aligerar la adjudicación de aquellos casos en los cuales no existe una controversia de hechos real y sustancial que exija la celebración de un juicio en su fondo. *Rodríguez García v. UCA*, 200 DPR 929 (2018). Este mecanismo, está instituido en la Regla 36 de Procedimiento Civil, 32 LPRA Ap. V, R. 36, y su función esencial es el permitir que, en aquellos litigios de naturaleza civil, una parte pueda mostrar, previo al juicio, que tras las partes contar con la evidencia que ha sido debidamente descubierta, no existe una controversia material de hecho que deba ser dirimida en un juicio plenario; y que, por tanto, el tribunal está en posición de aquilatar esa evidencia para disponer del caso ante sí. *Rodríguez Méndez, et als v. Laser Eye*, 195 DPR 769 (2016).

La solicitud de sentencia sumaria puede ser interpuesta por cualquiera de las partes que solicite un remedio por medio de una moción fundamentada en

declaraciones juradas o en aquella evidencia que demuestre la inexistencia de una controversia sustancial de hechos esenciales y pertinentes. Regla 36.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 36.2. Por consiguiente, se dictará sentencia sumaria, si las alegaciones, deposiciones, contestaciones a interrogatorios y admisiones ofrecidas, junto a cualquier declaración jurada que se presente, si alguna, demostrasen que no hay controversia real y sustancial sobre algún hecho esencial y pertinente y que; como cuestión de derecho, procediese hacerlo. Regla 36.3(e) de Procedimiento Civil, 32 LPRA Ap. V, R. 36.3(e); SLG *Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414 (2013).

En cuanto a los hechos esenciales y pertinentes a los que se refieren el precitado cuerpo de Reglas, es conocimiento que estos son los que se conocen como hechos materiales. Regla 36.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 36.1. Al respecto, un hecho material es aquel que puede afectar el resultado de la reclamación de acuerdo con el derecho sustantivo aplicable. Además, la controversia sobre el hecho material tiene que ser real. Esto es, que una controversia no es siempre real o sustancial o genuina. Por ello, la controversia deberá ser de una calidad suficiente como para que sea necesario que un juez la dirima a través de un juicio plenario. Regla 36.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 36.1; *Ramos Pérez v. Univisión*, 178 DPR 200, 213-214 (2010).

En lo particular, la Regla 36.3 de Procedimiento Civil, 32 LPRA Ap. V, R. 36.3, detalla el procedimiento a seguir por las partes al momento de solicitarle al tribunal que dicte sentencia sumariamente a su favor. A

esos efectos, la mencionada regla establece que una solicitud a su amparo, deberá incluir lo siguiente: (1) una exposición breve de las alegaciones de las partes; (2) los asuntos litigiosos o en controversia; (3) la causa de acción, reclamación o parte respecto a la cual es solicitada la sentencia sumaria; (4) una relación concisa, organizada y en párrafos enumerados de todos los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial, con indicación de los párrafos o las páginas de las declaraciones juradas u otra prueba admisible en evidencia donde se establecen estos hechos, así como de cualquier otro documento admisible en evidencia que se encuentre en el expediente del tribunal; (5) las razones por las cuales debe ser dictada la sentencia, argumentando el derecho aplicable; y (6) el remedio que debe concederse. Regla 36.3(a) (1-6) de Procedimiento Civil, 32 LPRA Ap. V, R. 36.3(a) (1-6).

Por otro lado, la parte que se oponga a que se dicte sentencia sumaria deberá controvertir la prueba presentada por la parte que la solicita. Para ello, deberá presentar su contestación a la moción de sentencia sumaria dentro del término de veinte (20) días de su notificación. Dicho escrito, además de cumplir con los mismos requisitos con los que tiene que cumplir el proponente, deberá contener:

> […]
>
> (b) […]
>
> (2) [U]na relación concisa y organizada, con una referencia a los párrafos enumerados por la parte promovente, de los hechos esenciales y pertinentes que están realmente y de buena fe controvertidos, con indicación de los párrafos o las páginas de las declaraciones juradas u otra prueba

admisible en evidencia donde se establecen los mismos, así como de cualquier otro documento admisible en evidencia que se encuentre en el expediente del tribunal;

(3) una enumeración de los hechos que no están en controversia, con indicación de los párrafos o las páginas de las declaraciones juradas u otra prueba admisible en evidencia donde se establecen estos hechos, así como de cualquier otro documento admisible en evidencia que se encuentre en el expediente del tribunal;

(4) las razones por las cuales no debe ser dictada la sentencia, argumentando el derecho aplicable. Regla 36.3 (b)(1-4)), 32 LPRA Ap. V, R. 36.3(b)(1-4).

Ahora bien, cuando se presente una moción de sentencia sumaria y se sostenga en la forma que establece la Regla 36 de Procedimiento Civil, *supra*, la parte contraria no podrá descansar solamente en las aseveraciones o negaciones contenidas en sus alegaciones; sino que dicha parte estará obligada a contestar en forma tan detallada y específica como lo haya hecho la parte promovente. De no hacerlo así, se dictará la sentencia sumaria en su contra, si procede. Regla 36.3(c) de Procedimiento Civil, 32 LPRA Ap. V, R. 36.3(c). Por tanto, el oponente deberá controvertir la prueba presentada con evidencia sustancial y no podrá simplemente descansar en sus alegaciones. *Roldán Flores v. M. Cuebas et al.*, 199 DPR 66 (2018).

Quiere decir que, para derrotar una solicitud de sentencia sumaria, la parte opositora deberá presentar contradeclaraciones juradas y contradocumentos que pongan en controversia los hechos presentados por el promovente. *Ramos Pérez v. Univisión*, supra, pág. 215. Si el oponente no controvierte los hechos propuestos de la forma en que lo requiere la Regla aplicable, tales hechos se podrán considerar como admitidos y se dictará

la sentencia en su contra, si procediese. *Roldán Flores v. M. Cuebas, Inc.,* supra. De igual forma, si la parte contraria no presenta su contestación a la sentencia sumaria en el término reglamentario provisto, se entenderá que la moción de sentencia sumaria quedó sometida para la consideración del tribunal. Regla 36.3 de Procedimiento Civil, 32 LPRA Ap. V, Regla 36.3.

Por último, es preciso recordar que nuestro Máximo Foro ha dispuesto que, como Tribunal de Apelaciones, nos encontramos en igual posición que el Tribunal de Primera Instancia para evaluar la procedencia o no de conceder una solicitud de sentencia sumaria. Meléndez González et al. v M. Cuebas, 193 DPR 100, 122 (2015). A tales efectos, nuestra revisión será una *de novo* y el análisis que realizaremos se regirá por las disposiciones contenidas en la Regla 36 de Procedimiento Civil, *supra*, y su jurisprudencia interpretativa.

Por ello, de entender que procede revocar una sentencia sumaria, debemos indicar cuáles hechos esenciales y pertinentes están en controversia, e igualmente decir cuáles están incontrovertidos. Por el contrario, si encontramos que los hechos materiales (esenciales y pertinentes) realmente están incontrovertidos, nuestra revisión se limitará a revisar *de novo* si procedía en derecho su concesión. Es decir, si el Tribunal de Primera Instancia aplicó correctamente el derecho o no. *Íd*, págs. 118-119.

–B–

El Código Municipal de Puerto Rico, Ley Núm. 107-2020, 21 LPRA sec. 7001 *et seq.*, según enmendada, fue creada a los fines de integrar, organizar y actualizar las leyes que disponen sobre la organización,

administración y funcionamiento de los municipios, así como añadir nuevos modelos procesales para la consecución de mayor autonomía.

En lo pertinente, el Art. 1.053(g) de la Ley Núm. 107-2020, dispone que:

> No estarán autorizadas las acciones contra el municipio por daños y perjuicios a la persona o la propiedad por acto u omisión de un funcionario, agente o empleado de cualquier municipio:
> .   .   .   .   .   .   .   .
> (g) Cuando ocurran accidentes en las carreteras o aceras estatales. 21 LPRA sec. 7084.

### III.

Mediante sus tres señalamientos de error, la señora Méndez alega que el foro primario erró al declarar Ha Lugar la solicitud de sentencia sumaria parcial presentada por la parte apelada.

En primer lugar, señala que el Tribunal de Primera Instancia ignoró su solicitud para llevar a cabo un descubrimiento de prueba para poder atender el remedio dispositivo solicitado por la parte apelada. Asimismo, sostiene que era improcedente acoger la solicitud de sentencia sumaria toda vez que existían hechos materiales en controversia. Finalmente, argumenta que el foro primario incidió al permitir que Optima se beneficiaria de la inmunidad que el Art. 1.053 del Código Municipal de Puerto Rico, *supra*, le reconocía a los municipios.

Por su parte, la parte apelada alega que, por nueve meses la señora Méndez no realizó acción afirmativa alguna para realizar un descubrimiento de prueba. Asimismo, esboza que, la certificación emitida por el Municipio estableció que el mantenimiento de la acera estaba bajo la jurisdicción del DTOP. Ante ello,

argumenta que no existía controversia respecto a quien le pertenecía la Calle Andrés Arús Rivera.

Por último, sostiene que la responsabilidad que pudo tener Optima estaría sujeto a los términos del Contrato de Seguro y la responsabilidad de su asegurado, el Municipio. A tales efectos, argumenta que al estar el Municipio cobijado bajo una disposición de inmunidad también lo estaría su asegurador, Optima.

Ahora bien, antes de atender los señalamientos de error previamente reseñados, cabe precisar que al momento de revisar la concesión de una sentencia sumaria nos encontramos en la misma posición que el foro de instancia. A tono con esta norma, debemos evaluar en primer lugar si al presentar la solicitud de sentencia sumaria y su oposición las partes cumplieron con los requisitos de forma establecidos en la Regla 36.3 de Procedimiento Civil, *supra*, y con los dispuestos en *SLG Zapata-Rivera v. J.F. Montalvo*, supra.

Evaluados los escritos presentados por las partes determinamos que la parte apelada cumplió con los requisitos de la Regla 36.3 de Procedimiento Civil, *supra*. No obstante, no podemos llegar a la misma conclusión en cuanto a la moción presentada por la señora Méndez.

La apelante en vez de presentar su oposición a la solicitud de sentencia sumaria dentro del término dispuesto por ley se limitó a presentar una moción para posponer la adjudicación de la solicitud o, en la alternativa, le solicitó al foro primario una prórroga de veinte días para expresarse. Sin embargo, transcurrieron sobre seis meses desde que la señora Méndez presentó la referida moción sin que la apelante

hubiera realizado acto alguno dirigido a un descubrimiento de prueba o haya intentado controvertir los hechos establecidos por la parte apelada. A tales efectos, la moción de sentencia sumaria quedó sometida sin oposición para la consideración del tribunal.

Atendido lo anterior, nos corresponde entonces evaluar si existen hechos materiales en controversia que nos impidan dictar sentencia sumaria.

En su dictamen, el Tribunal de Primera Instancia concluyó que no existían controversias sobre los siguientes hechos propuestos por la parte apelada:

> A. Que el mantenimiento de las aceras, encintado, sistema pluvial y asfalto de la calle Andrés Arús Rivera es realizado por el Departamento de Obras Públicas Estatal.
>
> B. Que la calle Andrés Arús Rivera dónde ocurre la caída pertenece al ELA y que el DTOP estatal es la encargada de la custodia, control y mantenimiento de la referida Calle y sus servidumbres de paso.[8]

Tras haber revisado la totalidad del expediente, evaluados los argumentos de las partes y aquilatar la prueba documental presentada, concluimos que los hechos propuestos por la parte apelada y acogidos por el foro primario están apoyados por la prueba. Por lo cual, restaría determinar la corrección de la aplicación del derecho.

En el caso de marras, la señora Méndez alegó que sufrió una caída en la acera de la Calle Andrés Arús Rivera que pertenecía al ELA y estaba bajo el mantenimiento del DTOP. Conforme al estado de derecho, el Código Municipal de Puerto Rico, *supra*, no autoriza acciones contra los municipios por daños y perjuicios a

---

[8] *Moción de Sentencia Sumaria Parcial*, anejo II, pág. 14 del apéndice del recurso.

la persona cuando el accidente ocurre en carreteras o aceras estatales. 21 LPRA sec. 7084(g). A tales efectos, el foro primario no incidió al desestimar la reclamación en contra del Municipio. Del mismo modo, tampoco incidió al desestimar la reclamación en contra de Optima, toda vez que la responsabilidad de la compañía aseguradora está sujeta a la responsabilidad que pudo haber tenido el Municipio. Por todo lo cual, el foro primario no cometió los errores señalados por la señora Méndez.

## IV.

Por los fundamentos antes expuestos, **CONFIRMAMOS** la *Sentencia Parcial* apelada.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones